UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| STEADFAST INSURANCE COMPANY, as an Assignee and Subrogee of BATSON COOK COMPANY | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:17-CV-248-PLR-CCS |
| WILLARD AND SONS ELECTRIC, INC., | ) ) | |
| Defendant. | ) | |

## **ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion for Additional Time to Serve Summons [Doc. 7]. For grounds, Plaintiff states that good cause exists for failing to serve Defendant within 90 days of issuance of the Summons in this matter. Plaintiff states that Defendant is a Florida corporation and that Plaintiff initially attempted to serve Defendant by certified mail on June 13, 2017. Additional attempts to serve by the postal service were made on June 16, July 7, and July 12, 2017. Plaintiff continues that the mailing was returned and marked "unclaimed." Plaintiff continues that other attempts were made by certified mail on July 15, July 23, and July 30, 2017. This mailing was also returned and marked "unclaimed." Plaintiff continues that it hired an investigator in Florida to locate Defendant and to attempt personal service. Plaintiff states that it appears Defendant is evading process.

Federal Rule of Civil Procedure 4(m) provides as follows:

> **(m) Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1).

Fed. R. Civ. P. 4. The Court observes that the Complaint in this matter was filed on June 9, 2017. As explained in the Motion, service by mail was attempted in June and July of 2017. Since then, however, no attempts to serve Defendant have been made, and Plaintiff does not explain why the instant request was not made within the time frame established in Rule 4. Accordingly, the Court **ORDERS** Plaintiff to show cause why it failed to effect service and request an extension within the time frame provided in Rule 4(m).

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge